Pratt, J.
This case turns upon the question whether granted Johnson, authority the defendant went upon the land and took the oysters, was valid in law.
We have decided that question in the affirmative at the present term of this court, in the case of Abrams v. The Board of Town Auditors of Hempstead.
The common right of fishery and oystering in the waters of Hempstead Bay is now limited by chapter 639 of the Laws of 1871.
The plaintiff was granted a license in 1883 to plant the ground in question, which expired by limitation in one year. This limitation was within the powers of the board to impose, and was accepted and acted upon by the plaintiff. Upon reading the whole act, it seems reasonable that the board should require a yearly applicaion for a license, in order that the board may inquire and determine whether the applicant is qualified to receive a license under the law.
One of the objects of the act was to raise a revenue for the town by yearly fees for the license, and it is necessary to give the act such a construction as will serve this purpose, which can only be done by giving the board the right to issue licenses for only one year.
The plaintiff can only acquire the exclusive right to plant and harvest oysters by complying with the act of 1871. This he failed to do, by neglecting to take out another license and failing to pay or tender any license fees. , After the, expiration of his license and the taking of possession by another party the plaintiff was a trespasser. It was an attempt to occupy grounds in Hempstead bay without first having obtained a license to do so, which is plainly prohibited by chapter 384 of Laws of 1879. He was also prohibited from so planting oysters by section 3 of chapter 639 of Laws of 1871.
These two acts qualify the common law right of planting oysters in Hempstead bay, and must be complied with before oysters can be planted in that bay.
There is a further answer to the claim that the oysters in question were legally planted at common law, as the case fails to show that the grounds where the oysters were planted were clearly marked and defined or that no oysters were growing there spontaneously at the time of planting.
There was no forfeiture of the plaintiff’s license, but it had expired, and he had been allowed two years in which to remove his oysters. By failing to apply for a license after the expiration of a year from the expiration of his license, the plaintiff must be held under the law to have forfeited all right to the bed in question.
We are unable-to see that any injustice has been done *373 the plaintiff or any material error committed upon the trial.
Judgment affirmed, with costs.